IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSHUA ADAM HUBBARD,

                    Plaintiff,

          vs.                                              **4:21CV3015**

KILOLO KIJAKAZI, Acting Commissioner of            **MEMORANDUM & ORDER**
the Social Security Administration,

                    Defendant.

---

This matter is before the Court on Plaintiff Joshua Adam Hubbard's motion for attorney fees in the amount of $6,484.52 and in costs $402.00 (filing fee) plus $17.25 (for expenses) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Filing No. 36 at 1. The Social Security Commissioner ("Commissioner") did not object to the motion. Filing Nos. 38 and 39.

*a. Motion for Attorney Fees under EAJA*

The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)–(2)(B)). "The fees awarded must be reasonable." § 2412(d)(2)(A)(ii). A reasonable fee under § 2412 will not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*

1

For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification.  28 U.S.C. § 2412(d)(2)(A). Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact.  *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that their position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005).   In this instance, the Commissioner does not argue their position was substantially justified and does not object to Plaintiff's EAJA motion.  Filing Nos. 38 and 39.

The Court finds that the Plaintiff is entitled to attorney fees under the EAJA.  The Plaintiff is the prevailing party.  Filing No. 34.  Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time of filing for this civil action.  Filing No. 37-7.  The Plaintiff requests attorney's fees totaling $6,484.52 for 1 hour worked in 2020, 25.9 hours worked in 2021, and 1.1 hours worked in 2022.  Filing No. 37 at 2.  This equates to $197.79 for the 2020 hourly rate, $207.85 for the 2021 hourly rate, and $221.29 for the 2022 hourly rate. *Id.* Plaintiff argues the increase in hourly rates from the $125 baseline reflects an increase in the cost of living, as evidenced through the cost-of-living index changes. *Id.* Plaintiff also requests paralegal fees totaling $660.00 for 6.6 hours worked. *Id.* Finally, Plaintiff requests expenses in the amount of $17.25 and an additional $402.00 for the filing fee. *Id.*

An increase for the cost of living is generally allowed.  *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990).  The Court further finds that the increase in cost of living justifies a fee higher than $125 per hour and that the rates Plaintiff requested are reasonable.  The Court carefully reviewed the hours submitted and finds them reasonable

in all aspects.  Thus, the Court concludes that both the amount requested, and the hours expended, are reasonable.  The Court also grants the Plaintiff's request for an additional $402.00 for the filing fee and for the requested $17.25.  *See* 28 U.S.C. § 2412(c).

THEREFORE, IT IS ORDERED that:

1.  The Plaintiff's motion for attorney fees, Filing No. 36, is granted.

2.  Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $6,484.52 are to be paid directly to the Plaintiff's attorney, less any offset to satisfy a pre-existing debt to the United States.

3.  Filing fee of $402.00 and the $17.25 cost is likewise to paid directly to the Plaintiff's attorney.

4.  A separate judgment shall be entered in conjunction with the Memorandum and Order.

Dated this 22nd day of September, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge