IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA ADAM HUBBARD,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | 4:21CV3015<br><br>**MEMORANDUM AND ORDER** |

This matter come before the Court on Plaintiff's, Joshua Adam Hubbard's, motion for attorney fees in the amount of $13,372.75 pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1). Filing No. 42. The Court previously reversed and remanded for a calculation of benefits. Filing No. 34. The Court also awarded plaintiff $6,484.52 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Filing No. 40. Counsel requests additional fees pursuant to a contingency fee agreement between him and the plaintiff. Filing No. 42-2. The Acting Commissioner of the Social Security Administration, Kilolo Kijakazi, ("the Commissioner") does not object to the motion for attorney fees but asks that the EAJA fees be refunded. Filing No. 43. For the reasons stated herein, the Court grants the motion for fees under § 406(b) and requires counsel to refund the previously awarded EAJA fee amount.

Section 406(b) of the Social Security Act controls fees for representation of Social Security claimants in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id.* at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) expressly requires any attorney fees

1

awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht*, the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Section 406(b), however, requires the court to assess the reasonableness of attorney fees requested under contingent-fee agreements. *Id.* at 809. In determining whether a requested fee under § 406(b) is "reasonable," a court must consider factors that include the "character of the representation and the results the representative achieved." *Id.* at 808. In assessing the reasonableness of a 25% contingent fee under § 406(b), it is appropriate to consider the de facto hourly rate. *See id.* (noting that "the court may require the claimant's attorney to submit, . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge").

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b), however, a double recovery is not permitted. *Id*. at 796. When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

Counsel requests $13,372.75 in attorney fees, which represents one fourth of the past-due benefits. Filing No. 42-1 at 2. This amount represents 28 attorney hours and 6.6 paralegal hours for an effective hourly rate of $454.03. *See id.* Considering the factors discussed in *Gisbrecht*, the Court concludes that $13,372.75 is a reasonable fee under 42 U.S.C. § 406(b). The amount is not above the statutory limit of 25% of the total

2

past-due benefits. Additionally, plaintiff's favorable result would not have occurred without his counsel's assistance. Lastly, there are no objections to the contingent fee amount and plaintiff's counsel agrees he will be required to refund the EAJA fee sum already paid. Accordingly, the Court's grants counsel's motion for fees under § 406(b).

IT IS ORDERED:

1. The plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 42, is granted.

2. The Commissioner is directed to pay plaintiff's counsel the amount of $13,372.75 in attorney fees and to release the balance of past-due benefits to the plaintiff.

3. Plaintiff's counsel is directed to refund $6,484.52, the previous EAJA fee award, to Plaintiff.

4. A separate judgment shall be entered in conjunction with this Order.

Dated this 28th day of April, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
